IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:19-CR-20 |
| v. | ) | |
| DONALEE HARVEY | ) | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Arnold P. Bernard, Jr., Assistant United States Attorney for said district, and submits the following Information Memorandum to the Court.

### I. THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Theft of government funds, from on or about December 3, 1997, to on or about March 2, 2018. | 18 U.S.C. § 641 |

### II. ELEMENTS OF THE OFFENSE

**A.   As to Count One:**

In order for the crime of theft of government funds, in violation of Title 18, United States Code, Section 641, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the money or property described in the Information belonged to an agency of the United States.

>United States v. McRee, 7 F.3d 976 (11th Cir. 1993); United States v. Maxwell, 588 F.2d 568 (7th Cir. 1978); United States v. Miller, 520 F.2d 1208 (9th Cir. 1975); United States v. Walker, 563 F. Supp. 805 (S.D. Iowa 1983).

2.      That the defendant embezzled, stole, purloined or knowingly converted to her own use the money or property as described in the Information, without authority to do so.

>Morrissette v. United States, 342 U.S. 246 (1952); United States v. Oliver, 238 F.3d 471 (3d Cir. 2001); United States v. Maisel, 12 F.3d 423 (4th Cir. 1993); United States v. Aquilar, 967 F.2d 106 (5th Cir. 1992); United States v. Fogel, 901 F.2d 23 (4th Cir. 1990); United States v. Hill, 835 F.2d 759 (10th Cir. 1987).

3.      That the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its money or property.

>Morrissette v. United States, 342 U.S. 246 (1952); United States v. McGahee, 257 F.3d 520 (6th Cir. 2001); United States v. McRee, 7 F.3d 976 (11th Cir. 1993) United States v. Fowler, 932 F.2d 306 (4th Cir. 1991); United States v. Burton, 871 F.2d 1566 (11th Cir. 1989); United States v. Scott, 789 F.2d 795 (9th Cir. 1986).

4.      That the stolen or converted money or property of the United States was valued in excess of $1,000.00.

>Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. McPhilomy, 270 F.3d 1302 (10th Cir. 2001); United States v. Robie, 166 F.3d 444 (2d Cir. 1999); United States v. Langston, 903 F.2d 1510 (11th Cir. 1990); United States v. Oberhardt, 887 F.2d 790 (7th Cir. 1989); United States v. Medrano, 836 F.2d 861, 864-865 (5th Cir. 1988).

### III.  PENALTIES

**A.     As to Count One: Theft of government funds (18 U.S.C. § 641):**

1.   <u>Individuals</u> - The maximum penalties for individuals are:

    (a)   imprisonment of not more than ten (10) years (18 U.S.C. § 641);

    (b)   a fine not more than the greater of;

        (1) $250,000 (18 U.S.C. §3571(b)(3));

<u>or</u>

        (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c)   a term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed, pursuant to 18 U.S.C. § 3013(a)(2)(A), as the offense occurred after April 24, 1996.

### V.  RESTITUTION

Restitution is mandatory as part of the defendant's sentence, pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii).

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

ARNOLD P. BERNARD, JR.
Assistant U.S. Attorney
PA ID No. 313734

4